FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N.Y

★ DEC 22 2011 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,

        Plaintiff,

 -against-

LISA A. ZDENEK a/k/a LISA CALDARERA,

        Defendant.
----------------------------------------X

MEMORANDUM & ORDER
10-CV-5566(JS)

APPEARANCES
For Plaintiff:  Liberatore Joseph Iannarone, Esq.
       Mullen & Iannarone, P.C.
       300 E. Main Street, Suite 3
       Smithtown, NY 11787

For Defendant:  No appearances.

SEYBERT, District Judge:

    Presently pending before the Court is the United States of America's ("Government" or "Plaintiff") motion for an entry of a default judgment against Lisa A. Zdenek a/k/a Lisa Caldarera ("Defendant"). For the reasons that follow, Plaintiff's motion is GRANTED.

BACKGROUND

    On or about February 15, 2001, Defendant executed a promissory note to secure a loan from the United States Department of Education. The loan was disbursed for $18,757.02 and $15,272.73 from April 24, 2001 to July 20, 2001 at 8.13 percent interest per anum. Thereafter, the Government demanded payment according to the terms of the note, and, on December 9,

2006, Defendant defaulted. Pursuant to 34 C.F.R. § 685.202(b), $9,004.90 in unpaid interest was capitalized and added to the principal balance.

On November 26, 2010, Plaintiff commenced this action against Defendant to collect the unpaid principal and interest on the loan. Defendant never responded to the Complaint, nor did she seek additional time to respond to it. Plaintiff accordingly moved for default judgment against Defendant pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. (Docket Entry 3.) Plaintiff attached to its motion a Certificate of Indebtedness stating that as of September 23, 2010, Defendant owed $40,593.23 in principal and $4,532.70 in unpaid interest,[1] with interest continuing to accrue at a rate of $9.04 per day.

The Clerk of the Court noted the default on March 17, 2011. (Docket Entry 4.)

## DISCUSSION

I. <u>Liability</u>

A default constitutes an admission of all well-pled factual allegations in the complaint, and the allegations as they pertain to liability are deemed true. Joe Hand Promotions, Inc. v. El Norteno Rest. Corp., No. 06-CV-1878, 2007 WL 2891016,

---

[1] A total of $15,306.71 was credited from the total amount due to account for all payments received from any source.

2

at *2 (E.D.N.Y. Sept. 28, 2007) (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert. denied, 506 U.S. 1080 (1993)). A default judgment entered on the well-pled allegations in the complaint establishes a defendant's liability. See Garden City Boxing Club, Inc. v. Morales, No. 05-CV-0064, 2005 WL 2476264, at *3 (E.D.N.Y. Oct. 7, 2005) (citing Bambu Sales, Inc. v. Ozak Trading, Inc., 58 F.3d 849, 854 (2d Cir. 1995)). The only question remaining, then, is whether Plaintiff has provided adequate support for the relief it seeks. Greyhound Exhibitgroup, Inc., 973 F.2d at 158.

The determination of a motion for default judgment is left to the sound discretion of the district court. See Shah v. N.Y. State Dep't of Civil Serv., 168 F.3d 610, 615 (2d Cir. 1999). In determining whether to grant a default judgment, the court may consider "numerous factors, including 'whether plaintiff has been substantially prejudiced by the delay involved and whether the grounds for default are clearly established or in doubt.'" O'Callahan v. Sifre, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2685 (3d ed. 1998)). As the Second Circuit has observed, the Court is guided by the same factors which apply to a motion to set aside entry of a default. See Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 170-171 (2d Cir. 2001); Enron Oil Corp. v.

Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). These factors are "1) whether the defendant's default was willful; 2) whether defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Mason Tenders Dist. Council v. Duce Constr. Corp., No. 02-CV-9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003) (citation omitted); see also Basile v. Wiggs, No. 08-CV-7549, 2009 WL 1561769, at *4 (S.D.N.Y. May 29, 2009) (listing factors for court's consideration including defaulting party's bad faith, "possibility of prejudice to the plaintiff, the merits of the plaintiff['s] substantive claim, the sufficiency of the complaint, the sum at stake, [and] whether the default was due to excusable neglect" (second alteration in original) (quoting Feely v. Whitman Corp., 65 F. Supp. 2d 164, 171 (S.D.N.Y. 1999))).

As to the first factor, the failure of Defendant to respond to the Complaint sufficiently demonstrates willfulness. See, e.g., Indymac Bank v. Nat'l Settlement Agency, Inc., No. 07-CV-6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007). Plaintiff has submitted an affidavit of service demonstrating that Defendant was properly served on January 22, 2011 with a Summons and a copy of the Complaint. (Docket Entry 2.) As noted above, Defendant never answered or responded in any way to

4

the Complaint; nor did she request an extension of time to do so. The docket therefore removes any doubt and clearly establishes that Defendant has willfully failed to respond to the Complaint.

Next, the Court must consider whether Defendant has a meritorious defense. The Court is unable to make a determination whether Defendant has a meritorious defense to Plaintiff's allegations because she has presented no such defense to the Court. Where no defense has been presented and, "[w]here, as here, 'the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" Chen v. Jenna Lane, Inc., 30 F. Supp. 2d 622, 623 (S.D.N.Y. 1998) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998)). The Complaint, the allegations of which are deemed admitted by Defendant in light of her default, describes the factual allegations that underlie Plaintiff's demand for immediate payment on student loans extended on April 24, 2001 through July 20, 2001.

The final factor the Court must consider is whether the non-defaulting party would be prejudiced if the motion for default was denied. Denying this motion would be prejudicial to Plaintiff "as there are no additional steps available to secure

relief in this Court." Bridge Oil Ltd. v. Emerald Reefer Lines, L.L.C., No. 06-CV-14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008). As all three factors have been met, a default judgment is warranted.

II. Damages

Plaintiff seeks $40,593.23 in principal on the loan, $4,532.70 in accrued interest though September 23, 2010, plus additional interest in the amount of $9.04 for each day following September 23, 2010 through the date of judgment. In support of these figures, Plaintiff provides the Certificate of Indebtedness issued by the Department of Education. Courts in this district have previously awarded plaintiffs damages relying solely on Certificates of Indebtedness. See, e.g., United States v. Benain, No. 11-CV-2307, 2011 WL 5838488, at *1 (E.D.N.Y. Nov. 18, 2011); United States v. Gellerstein, No. 08-CV-2702, 2011 WL 1004888, at *1 (E.D.N.Y. Mar. 17, 2011); United States v. Tobee, No. 10-CV-0731, 2010 WL 1853767, at *1 (E.D.N.Y. May 4, 2010). Accordingly, Plaintiff is entitled to the amount stated therein, plus post-judgment interest calculated pursuant to 28 U.S.C. § 1961.

Plaintiff also seeks costs in the amount of $350.00 in filing fees and $29.00 in administrative costs and disbursements. Although pursuant to 28 U.S.C. § 2412, an amount equal to the filing fee may be awarded in a civil action brought

by the United States, the United States is not required to pay a filing fee when initiating an action in federal court. See United States v. Hinds, No. 11-CV-0169, 2011 WL 3555837, at *4 (E.D.N.Y. June 27, 2011) (collecting cases), adopted by 2011 WL 3555762 (E.D.N.Y. Aug. 11, 2011). Since no payment of a filing fee is reflected on the Court's docket, and Plaintiff has not provided any receipt or other documentation for such a fee, the Court DENIES Plaintiff's request for $350.00 for filing fees. See United States v. Freeman, No. 09-CV-4036, 2010 WL 3522812, at *2 n.2 (E.D.N.Y. July 26, 2010) (declining to award filing fee costs where plaintiff did not provide any law or argument to suggest that the statute entitles recovery of a cost that was never incurred); Benain, 2011 WL 5838488, at *1 (same). Additionally, because Plaintiff has failed to provide any explanation or documents in support of the requested $29.00 for administrative costs and disbursements, this request is also DENIED. See Benain, 2011 WL 5838488, at *1 (denying to award administrative costs when no substantiating documentation was provided).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for a default judgment is GRANTED. Accordingly, the Clerk of the Court is directed to enter a judgment in Plaintiff's favor in the amount of $40,593.23 in unpaid principal, $4,532.70 in

7

accrued interest, an additional $9.04 in interest for each day after September 23, 2010 until judgment is entered, and post-judgment interest calculated pursuant to 28 U.S.C. § 1961. The Clerk of the Court is also directed to mark this matter closed.

SO ORDERED.

Dated: December 22, 2011
Central Islip, NY

Joanna Seybert, U.S.D.J.