```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,

                      Plaintiff,          MEMORANDUM & ORDER
                                          10-CV-5566(JS)
        -against-

LISA A. ZDENEK a/k/a LISA CALDARERA,

                      Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:        Liberatore Joseph Iannarone, Esq.
                      Mullen & Iannarone, P.C.
                      300 E. Main Street, Suite 3
                      Smithtown, NY 11787

For Defendant:        No appearances.
```

SEYBERT, District Judge:

Presently pending before the Court is the United States of America's ("Government" or "Plaintiff") letter[1] seeking reconsideration of the portion of the Court's December 22, 2011 Memorandum and Order denying Plaintiff's request for administrative costs, filing fees, and disbursements. For the following reasons, Plaintiff's request is DENIED.

---

[1] The Court notes that the letter was filed on behalf of the Government by Dolores Iannarone, Esq. Yet, Ms. Iannarone is not the attorney of record nor has she submitted a notice of appearance in this action. Accordingly, this submission is in violation of Rule 11 of the Federal Rules of Civil Procedure. The Court will nonetheless address the contents of Ms. Iannarone's letter, but she is warned that future filings that fail to comply with Rule 11 may be stricken.

BACKGROUND

Plaintiff commenced this action on November 26, 2010 against Defendant Lisa A. Zdenek a/k/a Lisa Caldarera ("Defendant") seeking to collect the unpaid principal and interest on a student loan. Defendant never responded to the Complaint, and on March 14, 2011, Plaintiff moved for a default judgment against Defendant pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. The Clerk of the Court noted the default on March 17, 2011.

On December 22, 2011, this Court granted Plaintiff's motion for default judgment and awarded Plaintiff $40,593.23 in unpaid principal, $4,532.70 in accrued interest, an additional $9.04 in interest for each day after September 23, 2010 until judgment was entered, and post-judgment interest pursuant to 28 U.S.C. § 1961. United States v. Zdenek, No. 10-CV-5566, 2011 WL 6754100, at *1-2 (E.D.N.Y. Dec. 22, 2011). The Court, however, denied Plaintiff's requests for costs in the amount of $350.00 for filing fees and $29.00 for "administrative costs and disbursements." Id. at *3.

On January 3, 2012, Plaintiff filed a letter asking the Court to reconsider its denial of Plaintiff's request for costs, filing fees, and disbursements.

DISCUSSION

I.  Standard of Review

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3.  See Wilson v. Pessah, 05-CV-3143, 2007 WL 812999, at *2 (E.D.N.Y. March 14, 2007).  Rule 59(e) permits a party to move for reconsideration when it believes that the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision.  Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999).  Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion.  See United States v. Gross, 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously.").  Nor is it proper to raise new arguments and issues.  See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997).  Reconsideration may only be granted when the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the Court.  Wechsler v. Hunt Health Sys. Ltd., 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

Rule 60(b) of the Federal Rules of Civil Procedure provides relief from a judgment for, inter alia, mistakes,

3

inadvertence, excusable neglect, newly discovered evidence, and fraud. FED. R. CIV. P. 60(b). Rule 60(b) provides "extraordinary judicial relief" that may only be granted "upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Accordingly, granting Rule 60(b) relief is "disfavored." Empresa Cubana Del Tabaco v. Gen. Cigar Co., 385 Fed. Appx. 29, 31 (2d Cir. 2010).

Ultimately, the decision to grant or deny a motion for reconsideration lies squarely within the discretion of the district court. See Devlin v. Transp. Comm'ns Union, 175 F.3d 121, 132 (2d Cir. 1999).

II. Application

A. Filing Fees

The Court denied the Government's request for $350.00 for filing fees because "[a]lthough pursuant to 28 U.S.C. § 2412, an amount equal to the filing fee may be awarded in a civil action brought by the United States, the United States is not required to pay a filing fee when initiating an action in federal court," and there was no documentation to reflect that the Government paid such a fee in this case. Zdenek, 2011 WL 6754100, at *3. In support of its motion for reconsideration, Plaintiff cites to 28 U.S.C. § 2412, which states that "[a] judgment for costs, when awarded in favor of the United States in an action brought by the United States, may include an amount

4

equal to the filing fee," id. § 2412(a)(2) (emphasis added), and to id. § 1914 (requiring parties instituting a civil action to pay a filing fee); id. § 1920 (providing for the taxation of costs), and id. § 1931 (providing for the disposition of filing fees). However, as this Court stated in its Memorandum and Order, courts in the Eastern District of New York regularly deny requests by the United States for costs equal to the amount of filing fees that were never paid. See United States v. Freeman, No. 09-CV-4036, 2010 WL 3522812, at *2 & n.2 (E.D.N.Y. July 26, 2010); United States v. Benain, No. 11-CV-2307, 2011 WL 5838488, at *1 (E.D.N.Y. Nov. 18, 2011); United States v. Hinds, No. 11-CV-0169, 2011 WL 3555837, at *4 (E.D.N.Y. June 27, 2011), adopted by 2011 WL 3555762 (E.D.N.Y. Aug. 11, 2011); United States v. Garcia, 10-CV-5658, 2011 WL 2194023, at *2 (E.D.N.Y. May 11, 2011), adopted by 2011 WL 2194016 (E.D.N.Y. June 3, 2011). And Plaintiff has not cited a single decision awarding filing fees that were not incurred, nor has Plaintiff articulated any reason why the Court should exercise its discretion to make such an award in this case. Accordingly, Plaintiff's request for reconsideration of the portion of the Court's Memorandum and Order denying its request for $350.00 in fees is DENIED.

B.  Administrative Costs and Disbursements

The Court also denied Plaintiff's request for $29.00 in administrative costs and disbursements because Plaintiff "failed to provide any explanation or documents in support of the requested [sum]."  Zdenek, 2011 WL 6754100, at *3.  In support of its motion for reconsideration, Plaintiff has submitted a copy of an invoice, dated January 22, 2011, from Tri-State Judicial Services, Inc. reflecting a $29.00 process service fee.  (Docket Entry 7, at 3.)  However, "[a] party seeking reconsideration is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." Wechsler, 186 F. Supp. 2d at 410 (internal quotation marks and citation omitted).  Since, Plaintiff does not explain why it did not submit this invoice as part of its original motion for default judgment and does not articulate any reason why the Court should consider this new evidence, Plaintiff's request for reconsideration of the portion of the Court's Memorandum and Order denying its request for $29.00 in costs is also DENIED.

## CONCLUSION

For the foregoing reasons, Plaintiff's letter motion for reconsideration is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April 9, 2012
Central Islip, NY

7